NO. 07-06-0013-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 24, 2006



______________________________




IN THE MATTER OF THE MARRIAGE OF 


WESLEY SHERMAN WOOD AND BRENDA SUE WOOD


AND IN THE INTEREST OF WHITNEY SHAWN WOOD, A CHILD, 






_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 56,998-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pending before this Court is appellant Brenda Sue Wood's motion to dismiss this
appeal. See Tex. R. App. P. 42.1(a)(1). Per the certificate of conference, appellee Wesley
Sherman Wood does not oppose the motion. We grant the motion, and per the motion,
costs are to be assessed against the party incurring them. Having dismissed the appeal
at Brenda Sue Wood's request, no motion for rehearing will be entertained and our
mandate will issue forthwith.

 Don H. Reavis

 Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.


as due to be filed January 11, 2006. Because the record discloses that
appellant's notice of appeal was received by the trial court clerk on January 30, 2006, in
both cases, without seeking an extension of the deadline, Tex. R. App. P. 26.3, the notices
of appeal were late. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellant's notices being untimely
filed, we have no jurisdiction over the matters and dismiss the appeals.

 Accordingly, appellant's appeals are dismissed. (1)


 Brian Quinn 

 Chief Justice 




Do not publish.
1. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of
habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005).